# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4777 | **DATE** | 3/22/2001 |
| **CASE TITLE** | Wyrick vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion of defendant City of Chicago to dismiss Counts I and IV [25] is granted without prejudice. Defendants are directed to answer Counts II and III on or before April 20, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | **MAR 2 6 2001** | |
| | Notified counsel by telephone. | | date docketed | 48 |
| | Docketing to mail notices. | | *mw* | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/22/2001 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | | MD7 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY WYRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 99 C 4777 |
| ) | |
| CITY OF CHICAGO, CHICAGO ) | |
| DEPARTMENT OF STREETS ) | |
| AND SANITATION, BRUCE ) | |
| BARTALMIO and PAUL DICARO, ) | |
| ) | |
| Defendants. ) | |

**DOCKETED**
**MAR 2 6 2001**

## MEMORANDUM OPINION AND ORDER

In this employment discrimination action, plaintiff Mary K. Wyrick's second amended complaint ("complaint") alleges in Count I, sexual harassment by defendant City of Chicago ("City"); in Count II, sexual harassment by City officials Bruce Bartalmi and Paul Dicaro, under the Civil Rights Act of 1971, 42 U.S.C. § 1983; in Count III, retaliation by the City in violation of Title VII; and in Count IV deprivation of her First Amendment right to free speech, in violation of § 1983. Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") on December 29, 1998, alleging sex-based harassment and discrimination. On April 23, 1999, the EEOC issued notice of plaintiff's right to sue on those charges. Plaintiff filed another charge with the EEOC on July 7, 1999, alleging sex discrimination, sexual harassment, disability discrimination and retaliation. On September 7, 1999, the EEOC issued a second notice of plaintiff's right to sue. This lawsuit was filed on July 22, 1999. On August 4, 2000, the City moved under Federal Rule of Civil Procedure 12(b)(6) to

dismiss the § 1983 claims, Counts I and IV, citing plaintiff's failure to allege that her injuries were caused by unconstitutional policies, customs or practices as required by § 1983 and, alternatively as to Count IV, because plaintiff's speech did not involve matters of public concern as required by § 1983. For the reasons stated below, the court grants the motion to dismiss Counts I and IV.

## 12(b)(6) MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

## FACTS

The complaint alleges the following facts, which are accepted as true for the purpose of this motion: The City of Chicago's Department of Streets and Sanitation ("the City") first employed plaintiff as a laborer in February of 1984. In April of 1997 plaintiff came under the supervision of defendant Bruce Bartalmio. From this time forward, Bartalmio and defendant Paul Decaro, another employee of City and superior of plaintiff, subjected plaintiff to continual

2

unwanted sexual comments and unwanted sexual touching. Approximately nine incidents are specified in the complaint continuing over a period of time from April 1997 to July 17, 1998 (with the exception of a period from August 1997 to January 6, 1998, during which plaintiff was on maternity leave). Plaintiff reported each incident to her immediate supervisor. On July 24 and 27 of 1998, plaintiff reported the sexual harassment to the City's Sexual Harassment Office, and on April 5, 1998 she filed a formal complaint.[1] Shortly after filing the formal complaint, plaintiff was removed from her job in which she independently operated a City vehicle making rounds in and around downtown Chicago and was demoted to a lower position riding on the back of a garbage truck in unsafe and precarious areas of the city. During or about December, 1998, plaintiff was diagnosed with breast cancer and underwent extensive medical treatment. On December 15, 1998, plaintiff reported her condition to the City. On December 17, she was placed on administrative leave, and on January 8, 1999, she was terminated ostensibly on the basis that she was in violation of the residency requirement of the City's Municipal Code. On June 10, 1999 an officer of the Sexual Harassment Office sent plaintiff a letter informing her that her complaint had been sustained with respect to "some, but not all, of the allegations." Plaintiff was denied access to the findings on which the letter was based, but a summary of the findings was given to the Department of Streets and Sanitation. One of the perpetrators, Bartalmio, was thereafter transferred to a better job and apparently received no discipline.

Plaintiff alleges that the City's stated reason for her termination is pretextual because the City had been aware of her out-of-city residency from about April of 1998 and had made no objection, and she was not given the customary grace period to change residency as other employees are given. Plaintiff asserts that her demotion and eventual termination were in fact

---

[1] *See* Compl. ¶ 45. It is not clear why the "report" occurred after the formal complaint.

3

retaliation for the sexual harassment charges lodged against Bartalmio and Dicaro, and as such, constitute a violation of her First Amendment right to free speech. Plaintiff alleges that Bartolmio and Dicaro were acting pursuant to a municipal policy, custom, pattern, or practice of deliberate indifference to sex-based harassment and violations of rights protected by the Fourteenth Amendment.

## DISCUSSION

The City first contends that Counts I and IV should be dismissed because plaintiff fails to allege that her injuries were caused by unconstitutional policies, customs or practices as required to state a cause of action under 42 U.S.C. § 1983 against a municipality. See *Monell* v. *Dept. of Social Services of City of New York*, 436 U.S. 658 (1978). To state a claim for liability under § 1983 against a municipality for the acts of a municipal employee, a plaintiff must allege some factual basis to suggest (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law;[2] or (3) that constitutional injury was caused by a person with final policymaking authority. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). "Although Fed. R. Civ. P. 8 does not require detailed factual pleading, a plaintiff's assertions must still direct the defendant to the factual cause of the plaintiff's alleged injury. 'Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient. . . . The absence of any facts at all to support plaintiff's claim renders the allegations

---

[2]"A practice undertaken by the executive power and suffered by the legislative power may be said to reflect a custom with the force of legislation." *Auriemma* v. *Rice*, 957 F.2d 397, 399 (7th Cir. 1992).

4

mere legal conclusions of section 1983 liability devoid of any well-pleaded facts.'" *Id.* at 382-83 (quoting *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 736 (7th Cir. 1994)).

Acknowledging that the City has express policies that prohibit sex discrimination, Municipal Code of Chicago § 2-74-080, and that protect employees' First Amendment rights, Municipal Code of Chicago §2-74-090(A),[3] plaintiff's § 1983 claims are best characterized as of the second type. For this type of *Monell* claim, plaintiff must "'allege a specific pattern or series of incidents that support the general allegation of a custom or policy.'" *Figueroa v. City of Chicago*, No. 97 C 8861, 1999 WL 163022, at *5 (N.D. Ill. Mar. 12, 1999) (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986)). Single incidents of unconstitutional activity are not enough to trigger liability, *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994), nor are a plaintiff's own isolated experiences. *Watson v. Village of Glenview*, No. 99 C 6811, 2000 WL 283877, at *3 (N.D. Ill. Mar. 10, 2000).

Plaintiff has broadly alleged a practice, custom, policy or pattern of deliberate indifference to sexual harassment within the City. Her factual allegations in support, however, are meager. In paragraphs 34 and 36 she refers to another woman, Mays, against whom harassment was inflicted; in paragraph 42 she alleges that she reported each incident of harassment (over a 15-month period) to her supervisor; in paragraphs 55-58 she alleges that the City's Sexual Harassment Office, by its own policy of keeping its reports from the complainant, protects wrongdoers; in paragraph 70 she alleges that the City failed and refused to take prompt and appropriate corrective action after the findings of harassment were made by the Sexual

---

[3] In *Toney v. Burris*, 829 F.2d 622, 626-27 (7th Cir. 1987), the court held that federal courts may take judicial notice of city ordinances. It is under this premise that the court has considered the Municipal Code of Chicago and not in contravention of Rule 12(b)(6)'s prohibition against considering attached documents on a motion to dismiss. purposes of a 12(b)(6) motion. *See Levenstein v. Salafsky*, 164 F.3d 345 (7th Cir. 1997).

Harassment Office, and she relies on the judgment in *Figueroa,* in which a jury verdict established that City officials (in their individual capacities) in the Department of Fleet Management sexually harassed a woman employee. *See Figueroa v. City of Chicago*, 2000 WL 1047316 (N.D. Ill. July 27, 2000 (Ruling on post-trial motions)).

The court concludes that these allegations are insufficient to state a claim under *Monell*. Although the situation, if proved, permits the inference of harassment by the individual defendants, there is little from which to extend that conduct to a policy of deliberate indifference. Principally, plaintiff contends that the City's internal procedures for complaints of harassment actually protect harassers. This allegation, however, is supported only by a belief that the perpetrators in her case were not disciplined. Count I fails to allege a set of facts from which municipal policy reasonably could be inferred. With respect to the allegations of retaliation in Count IV, clearly the facts are entirely particular to the plaintiff and lack any factual basis that a widespread policy or practice of retaliation exists.

To the extent plaintiff contends that she was subjected to constitutional injury from sexual harassment or retaliation caused by a person with final policymaking authority, she also fails to make out a *Monell* claim. There are no allegations within plaintiff's complaint that either Bartalmio or Dicaro or any other official had policymaking authority within the Department. Moreover, plaintiff's argument that the conduct of individual employees within the Department acts to set policy through a system of rising or permeating top to bottom authority within the City, Wyrick Resp. at 4, fails to address her pleading obligations. The issue is whether the decisions of officials with final policy making authority ". . . have caused the deprivation of rights at issue by . . . acquiescence in a longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity." *Jett v. Dallas Indep. Sch.*

*Dist.*, 491 U.S. 701, 737 (1989) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 485-487 (1986)). The discretion to make final decisions to carry out the policies of a local entity, such as the decision of the Sexual Harassment Officer in this case, does not equate to final policymaking authority. *See Pembaur*, 475 U.S. at 481-83 (1986) ("The fact that a particular official--even a policymaking official--has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. . . . The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.") (citation and footnotes omitted). Therefore, plaintiff has also failed to allege that her constitutional injuries were caused by a person with final policy making authority. Counts I and IV thus fail to state a claim for municipal liability against the City.

Alternatively, Count IV's retaliatory claim fails because plaintiff does not allege that her speech involved matters of public concern. Whether an expression involves a matter of public concern requires the courts to consider the content, form, and context of the statements at issue. *Connick v. Meyers*, 461 U.S. 137, 147-48 (1983). Where a plaintiff's motivation is purely private, such as a personal grievance, or is brought in a private, rather than public, forum, the expression fails to involve a matter of public concern under the *Connick* test. *See Hesse v. Bd. of Educ.*, 848 F.2d 758, 752 (7th Cir. 1998); *Wales v. Bd. of Educ.*, 120 F.3d 82, 84-85 (7th Cir. 1997); *Dishnow v. Sch. Dist. of Rib Lake*, 77 F.3d 194, 197 (7th Cir. 1996). Here plaintiff fails to facts raising a public concern in her complaint, and plaintiff's only response to the City's argument on this point is that "[s]he was discharged and can take no comfort in the knowledge that the harassers continue to work for and be promoted by her former employer." (Wyrick

7

Resp. at 8.) Because plaintiff's complaint is devoid of any allegations that even suggest her grievance is anything but a private matter, Count IV is fatally deficient for this reason as well.

## CONCLUSION

For these reasons, the court grants the motion to dismiss Counts I and IV [#25] without prejudice. Defendants are directed to answer Counts II and III on or before April 20, 2001.

Date: March 22, 2001          Enter: _____
                                    JOAN HUMPHREY LEFKOW
                                    United States District Judge